IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY COOPER,

      Plaintiff,                      No. CIV S-10-1057 GEB DAD P

    vs.

KAUR, et al.,

      Defendants.           <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is a motion for summary judgment brought on behalf of defendants Chen and Kaur pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not opposed the motion. Plaintiff has, however, filed a motion pursuant to Rule 56(d) (formerly Rule 56(f)).

        In his motion, plaintiff argues that he is unable to present facts essential to justify his opposition to defendants' motion for summary judgment. Specifically, plaintiff declares that for approximately seven months he has been waiting for authenticated copies of his medical records maintained by the California Department of Corrections and Rehabilitation but has not yet received them. In response to plaintiff's motion, defendants contend that although plaintiff has requested but not yet received authenticated copies of his medical records, plaintiff

requested and received several copies of his medical records for the 2008 time period when the alleged constitutional violations occurred.  Defendants also contend that plaintiff has requested and received his medical records for the period of time from 2002 to 2010.

        Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

        After reviewing the parties' briefing, it appears that plaintiff has copies of the medical records he needs to oppose defendants' motion for summary judgment.  Although the records are not authenticated, defendants do not appear to have any objection to plaintiff's use of unauthenticated medical records for purposes of opposing their motion for summary judgment.  Moreover, as a practical matter, it would be an abuse of this court's discretion to refuse to consider such evidence offered by a pro se plaintiff at the summary judgment stage.  See Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (reversing and remanding with instructions to consider evidence offered by the pro se plaintiff in his objections to the findings and recommendations); Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (district court properly considered a diary which defendants moved to strike as inadmissible hearsay because "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form.  We focus instead on the admissibility of its contents."); Johnson v. Meltzer, 134 F.3d 1393, 1399-40 (9th Cir. 1998) (reversing and remanding for consideration of the pro se plaintiff's verified motion as an affidavit in opposition to summary judgment); see also Fryman v. Traquina, No. CIV S-07-2636 JAM DAD P, 2009 WL 113590 at *11 n.5 (E.D. Cal. Jan.15, 2009) (overruling defendants'

1  objections to plaintiff's medical records on the grounds that they are not properly authenticated
2  because "[i]t cannot reasonably be disputed that the records in question are plaintiff's medical
3  records from his prison file.  Those records are created and maintained by prison officials.").
4  Finally, if this case proceeds past the summary judgment stage, plaintiff will have sufficient time
5  to authenticate the documents in question prior to trial.

6        Accordingly, under the circumstances of this case, the court will deny plaintiff's
7  Rule 56(d) motion.  The court will also grant plaintiff twenty-one days to file an opposition to
8  defendants' motion for summary judgment.  Plaintiff may submit with his opposition
9  unauthenticated medical records for the court's review.

10       In accordance with the above, IT IS HEREBY ORDERED that:
11       1. Plaintiff's motion pursuant to Rule 56(d) (Doc. No. 44) is denied;
12       2. Plaintiff is granted twenty-one days from the date of service of this order to file
13 an opposition to defendants' motion for summary judgment.  Failure to file an opposition will be
14 deemed as a statement of non-opposition and may result in a recommendation that this action be
15 dismissed pursuant Federal Rule of Civil Procedure 41(b); and
16       3. Defendants may file a reply, if any, within seven days of service of plaintiff's
17 opposition.
18 DATED: January 5, 2012.

                                                            DALE A. DROZD
21 DAD:9                                   UNITED STATES MAGISTRATE JUDGE
   coop1057.56d