IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY COOPER,

    Plaintiff,            No. CIV S-10-1057 GEB DAD P

  vs.

KAUR, et al.,

    Defendants.      <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is a motion for summary judgment, or alternatively a motion to dismiss for failure to exhaust administrative remedies, brought on behalf of defendant Naku. In response to defendant's motion, plaintiff has filed a "motion to deny defendant's motion for summary judgment, or, in the alternative, motion to dismiss." In plaintiff's motion, he argues that he is unable at this time to "cite case law to justify opposition to the defendant's motion for summary judgment, or to dismiss plaintiff's claim."

        The court has construed plaintiff's motion as a motion pursuant to Rule 56(d)(1) of the Federal Rules of Civil Procedure. Plaintiff is advised that his inability to cite case law in support of his opposition is not grounds for denying defendant's motion for summary judgment and motion to dismiss. <u>See</u> Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or

declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it"). Accordingly, the court will deny plaintiff's motion. However, in the interest of justice, the court will grant plaintiff twenty-one days to file an opposition to defendant's motion for summary judgment and motion to dismiss. Alternatively, if plaintiff no longer wishes to proceed in this action against defendant Naku, he may file a motion to voluntarily dismiss this defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion pursuant to Rule 56(d) (Doc. No. 69) is denied;

2. Plaintiff is granted twenty-one days from the date of service of this order to file an opposition to defendant Naku's motion for summary judgment and motion to dismiss for failure to exhaust administrative remedies. Alternatively, if plaintiff no longer wishes to proceed in this action against defendant Naku, he may file a motion to voluntarily dismiss this defendant; and

3. Defendant Naku may file a reply, if any, within seven days of service of plaintiff's opposition.

DATED: April 23, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
coop1057.56d(2)