IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY COOPER,

      Plaintiff,                  No. 2:10-cv-1057 DAD P

   vs.

KAUR et al.,

      Defendants.          ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is defense counsel's motion seeking an order allowing the parties to file supplemental briefing and/or evidence on defendants' motions for summary judgment in light of the recent decision in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012).

      By way of background, on March 16, 2012, the then-assigned district judge granted defendants' motion for summary judgment brought on behalf of defendant Nurse Kaur but denied defendants' motion for summary judgment brought on behalf of defendant Dr. Chen. On July 3, 2012, the then-assigned district judge granted defendant's motion for summary judgment brought on behalf of defendant Pharmacist Naku and referred this matter back to the assigned Magistrate Judge for further proceedings with respect to plaintiff's claims against

defendant Dr. Chen.

Under Woods, pro se prisoners must receive notice of what is required of them to oppose a motion for summary judgment at the time defendants file their motion. See Woods, 684 F.3d at 940-41. Because plaintiff filed his oppositions to defendants' motions for summary judgment without the benefit of a contemporaneous Woods notice, defense counsel has filed the pending motion proposing that the court allow plaintiff to file supplemental oppositions to defendants' summary judgment motions. In the interest of justice, and good cause appearing therefor, the court will grant defendants' motion and allow plaintiff thirty days to file any supplemental oppositions, including any evidence, to defendants' previously filed motions for summary judgment if he so desires. In addition, the court will allow defendants to file any supplemental replies within fifteen days of service of the supplemental oppositions. Upon receipt and review of the supplemental briefing and evidence, if any, the court will determine whether either of the then-assigned district judge's prior orders ruling on defendants' motions for summary judgment need to be amended, vacated, or otherwise disturbed.

If plaintiff does not wish to file supplemental oppositions to the previously ruled upon motions for summary judgment, he is not required to do so. Instead, upon expiration of the time for filing supplemental oppositions, the court will proceed by referring this case to the mediation program for a settlement conference on the currently remaining claims. If plaintiff wishes to file supplemental oppositions, pursuant to Woods as well as Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff again that a motion for summary judgment is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in

the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Defendants' motion to allow the parties to file supplemental briefing on defendants' motions for summary judgment (Doc. No. 88) is granted; and

    2. Within thirty days of the date of service of this order, plaintiff may file supplemental oppositions, including evidentiary materials, to defendants' motion for summary judgment.  Within fifteen days of the date of service of plaintiff's supplemental oppositions, if any, defendants may file supplemental replies.

DATED: August 24, 2012.

*(signature)*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
coop1057.supp

3