1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   TROY COOPER,

11          Plaintiff,                          No. 2:10-cv-1057 DAD P

12       vs.

13   KAUR, et al.,                              ORDER SETTING
                                                SETTLEMENT CONFERENCE ON
14          Defendants.                         JANUARY 17, 2013 AT 1:00 P.M.
                                      /

15
             Plaintiff is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42
16
     U.S.C. § 1983.  On July 6, 2012, the undersigned issued an order requiring the parties to inform
17
     the court whether they wished to proceed with a mandatory settlement conference before the
18
     undersigned or have the case referred to the court's mediation program.  On July 18, 2012,
19
     plaintiff filed a declaration requesting referral to the court mediation program.  On July 26, 2012,
20
     defendant filed a declaration which requested to have a judge other than the undersigned preside
21
     over a settlement conference in this case.
22
             Therefore, this case will be referred to Magistrate Judge Craig M. Kellison to
23
     conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California
24
     95814 in Courtroom #2 on January 17, 2013 at 1:00 p.m.
25
     /////
26

                                                  1

1    A separate order and writ of habeas corpus ad testificandum will issue

2  concurrently with this order.

3    In accordance with the above, IT IS HEREBY ORDERED that:

4    1. This case is set for a settlement conference before Magistrate Judge Craig M.

5  Kellison on January 17, 2013, at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento,

6  California 95814 in Courtroom #2;

7    2. Defendant's lead counsel and a person with full and unlimited authority to

8  negotiate and enter into a binding settlement on defendant's behalf shall attend in person;[1]

9    3. Those in attendance must be prepared to discuss the claims, defenses and

10 damages.  The failure of any counsel, party or authorized person subject to this order to appear in

11 person may result in the imposition of sanctions.  In addition, the conference will not proceed

12 and will be reset to another date.

13 DATED: October 17, 2012.

14

15    _____

16 DAD:dpw    DALE A. DROZD
   coop1057.med    UNITED STATES MAGISTRATE JUDGE

17

18    _____

19    [1] While the exercise of its authority is subject to abuse of discretion review, "the district
   court has the authority to order parties, including the federal government, to participate in
20 mandatory settlement conferences. . ." United States v. United States District Court for the
   Northern Mariana Islands, __ F.3d __, 2012 WL 3984406 at *1 (9th Cir. Sept. 12, 2012), amended
21 by, __ F.3d __, 2012 WL 4873595 (9th Cir. Oct. 16, 2012).  The term "full authority to settle"
   means that the individuals attending the settlement conference must be authorized to fully
22 explore settlement options and to agree at that time to any settlement terms acceptable to the
   parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989),
23 cited with approval in, Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396-97 (9th Cir.
   1993).  The individual with full authority to settle must also have "unfettered discretion and
24 authority" to change the settlement position of the party, if appropriate.  Pittman v. Brinker Int'l.,
   Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l,
25 Inc., Civ. No. 02-1886, 2003 WL 23353478 (D. Ariz. Oct. 3, 2003).  The purpose behind
   requiring the attendance of a person with full settlement authority is that the parties' view of the
26 case may be altered during the face to face conference.  See Pitman, 216 F.R.D. at 486.

2